# Moore & Co. v. Meyer.

## Action on Bill of Exchange.

1. *Banker; whose agent.*—A banker to whom a bill is remitted for collection is the agent of the creditor, who must bear any loss resulting from the omissions or defalcations of the agent in the line of his duty.

2. *Same; failure* by, to apply funds deposited by customer in own name, who must bear loss resulting from.—Where it was the course of business between a banker and his customer, for the bank to pay all claims sent for collection out of the customer's deposits if he had any, charging the payment in the account when balanced, and a particular claim was sent for collection, to pay which and others the customer deposited money in his own name with the banker, with directions to pay the claims, the customer remains liable on the bill, if the banker fails before thus applying the money.

3. *Same.*—Until an actual application of the customer's deposits to the credit of the owner of the bill, the relation of debtor and creditor existed between the banker and his customer, and he could have countermanded his instructions and otherwise appropriated the money. It was the customer's duty to make payment, and after the deposit by the customer in his own name the banker could not so appropriate but by virtue of the instructions given by the customer, in carrying out which the banker was his and not the creditor's agent.

APPEAL from Circuit Court of Dallas.
Tried before Hon. GEORGE H. CRAIG.
The opinion states the facts.

W. C. WARD, for appellant.—A deposit by a debtor of money to his credit, with his banker, who held his past due paper, with instructions to the banker to pay such paper, is not a payment of such paper unless actually applied by the banker to its payment, or placed to the credit of the holder. 2 Pars. Con. 625; 4 Johns. N. Y. 377; 3 B. & C. 591; 17 Ala. 648.

JOHN WHITE.—Ferguson & Co. were the agents of the appellant, and payment to them was payment of the bill. 7 Wall. 447; 2 Wall. 252.

BRICKELL, C. J.—The appellants sued the appellee, as acceptor of a bill of exchange drawn by them, payable to their own order, for the sum of seventy-five dollars, dated February 15, 1873, due March 25, 1873. The appellants sent the bill for collection to Ferguson & Co., bankers at Selma, the residence of the appellee, by whom it was at maturity presented for payment. Ferguson & Co. were the bankers of the appellee, with whom he kept a general deposit account. The course of dealing between them, was, that whenever Ferguson & Co. had claims on the appellee for collection, and he had money on deposit, they charged such claims to him, and when his bank-book was balanced, they surrendered to him the claims so paid. When this bill matured the appellee deposited with them money, which they were instructed to apply to the payment of this, and other bills. The money so deposited was entered to the credit of the appellee, on his bank or pass-book, and the bill remained in the possession of Ferguson & Co. uncanceled. They failed soon afterwards, and, at the time of their failure, the money deposited remained to the credit of the appellee. The money was deposited partly by the appellee in person, and partly by one of his clerks. The Circuit Court charged the jury that Ferguson & Co. were the agents of the appellants for the collection of the bill, and if they believed that in response to the demand of payment, the appellee gave or sent to Ferguson & Co. the money to pay this bill, with instructions to apply such money to its payment, the appellants could not recover. To the last branch of the charge, the appellants reserved an exception.

It may be conceded the instruction to the jury would be correct, if the state of the evidence was that the bill was remitted Ferguson & Co. for collection; that they presented it for payment, and the appellee gave or sent them money to be applied to its payment. A bank, or banker, receiving paper for collection, is the agent of the creditor, and not of the debtor. The loss resulting from the omissions or defalcations of the agent, must be borne by his principal, who trusted him, and not by those dealing with him while in the line of his duty and authority.—*Smith v. Essex County Bank*, 22 Barb. 627. But the evidence does not disclose this state of facts. There was no payment of money to Ferguson & Co. in satisfaction of the bill. In the usual course of dealing between them and the appellee, the money intended for the payment of the bill was deposited to the credit of the appellee. The relation of banker and customer, in respect

[Stabler v. Cook.]

to deposits, is that of debtor and creditor. The money becomes the property of the banker, and he becomes liable to pay it on demand of the depositor.—*Etna Bank v. National Bank*, 43 N. Y. 82. The instructions given by the appellee to Ferguson & Co. to pay the bill from the deposit,. did not change the relation, until an actual application of the money was made. Before such application, he could have countermanded the instructions, directed any other appropriation of the money, or have drawn it upon check.—Morse on Banking, 278–9. While Ferguson & Co. were the agents of the appellants for the collection of the bill, the dealing with them by the appellee converted them also into his agents for paying the bill.— *Wilkinson v. Matthews*, in manuscript. It was only by virtue of the instructions given them that they could have applied the money deposited to the payment of the bill. The omission to follow these instructions, is a breach of the duty the appellee entrusted them to perform. Until its performance, the bill was not paid, and the relation of debtor and creditor, between them and the appellant, was unchanged.

The instruction given the jury when applied to the evidence is manifestly erroneous. It was not adapted to the evidence, and its immediate, necessary, effect was to mislead the jury. It withdrew from their consideration the material facts, that the money intended for the payment of the bill was, in fact, deposited to the credit of the appellee; that the only authority of Ferguson & Co. to apply it to the payment of the bill, was the verbal instructions given them, and that the transaction in effect converted them into the agents of the appellee for the payment of the bill. Until these instructions are complied with the bill was not paid, and the omission to comply was a breach of duty to the appellee, the loss from which must be borne by him.

Let the judgment be reversed and the cause remanded..